## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ISAIAH RODDY,

      Plaintiff,

v.                               No. CIV-07-1102 BB/CEG

KENNETH MARTINEZ
SECOND JUDICIAL DISTRICT
COURT JUDGE,

      Defendant.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The filing fee for this civil rights complaint is $350.00. Plaintiff is required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information about Plaintiff's financial status, the Court finds that Plaintiff is unable to make an initial partial payment pursuant to § 1915(b)(1). The IFP motion will be granted, and for the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma,*

*Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, ---, 127 S. Ct. 1955, 1974 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint names a state district judge as the Defendant.  Plaintiff alleges that Defendant imposed a harsher sentence on him than on others convicted of the same charges.  He further alleges that his probation was wrongfully revoked.  Plaintiff claims that Defendant's actions amounted to racial discrimination, in violation of Plaintiff's constitutional protections, and violated the New Mexico Code of Judicial Conduct.  The complaint seeks damages and an order setting aside the revocation of Plaintiff's probation and releasing him from custody.

No relief is available on Plaintiff's claims against Defendant.  "It is well-settled that judges have absolute immunity from liability for damages for acts committed within the apparent scope of their judicial duties."  *Wiggins v. New Mexico State Supreme Court Clerk*, 664 F.2d 812, 815 (10th Cir. 1981) (citing *Stump v. Sparkman*, 435 U.S. 349 (1978) (additional citations omitted)).  This is true regardless of the judge's motive.  *See Stump*, 435 U.S. at 356-57.  Plaintiff's claims for damages against Defendant will therefore be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e).

Plaintiff may not prosecute his claim for release to probation in this § 1983 action.  His allegations of unlawful reincarceration affect the "fact or length of his confinement," *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973); *and see Rhodes v. Hannigan*, 12 F.3d 989, 991-92 (10th Cir. 1993), and his sole federal remedy is by way of a petition for writ of habeas corpus.  *See Preiser*, 411 U.S. at 494.  As the Supreme Court has observed, "[W]here an inmate seeks injunctive relief

2

challenging the fact of his conviction or the duration of his sentence. . . . [s]uch claims fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citations omitted).  Plaintiff's claim for equitable relief against his confinement must be brought as a petition for writ of habeas corpus after exhaustion of state court remedies.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed pursuant to 28 U.S.C. § 1915 is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff shall make monthly payments of twenty per cent (20%) of the preceding month's income credited to his inmate account;

IT IS FURTHER ORDERED that Plaintiff's claim for release to probation is DISMISSED without prejudice; otherwise the complaint is DISMISSED with prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE